UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br><br>159 South Main Street, Apartment 2R Manchester, New Hampshire | Case No. 20-mj-35-AJ<br><br>**Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF
## APPLICATION FOR SEARCH WARRANT

I, Derek Feather, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND BACKGROUND

1. I am a police officer employed by the Manchester (NH) Police Department and have been so employed for fifteen years. I am also currently assigned as a Task Force Officer with the Federal Bureau of Investigation ("FBI"). I have conducted and participated in physical and electronic surveillance, written and executed search warrants which have resulted in the seizure of controlled substances and the arrests of narcotics distributors, debriefed informants, and reviewed recorded conversations and narcotics records. I have attended numerous educational training classes that deal with the sale, use, and distribution of illegal drugs. My duties and responsibilities include the investigation of federal crimes, including violations of 21 U.S.C. §§ 841(a)(l) and 846.

2. This affidavit is made in support of an application for a warrant to search the residence located at 159 South Main Street, Apartment 2R, Manchester, New Hampshire (the "TARGET RESIDENCE"), more particularly described in Attachment A, to locate persons to be arrested, namely Troy Cote and Rosemarie Cote, and to seize evidence, fruits, and instrumentalities of the crimes of possession with intent to distribute controlled substances in

violation of Title 21, United States Code, Section 841(a)(1) and conspiracy to possess with intent to distribute and to distribute controlled substances in violation of Title 21, United States Code, Section 846, more particularly described in Attachment B.

3. Because this affidavit is being submitted for the limited purpose of establishing that probable cause exists to support the issuance of the requested search warrant, I have not included details about every aspect of the investigation. While this affidavit contains all the material information of which I am aware that is pertinent to the requested search warrant, it does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

4. On July 25, 2019, at agents' direction, a cooperating source ("CS-2")[1] placed a telephone call to an individual known to CS-2 as "Chino," whom agents later identified as Wilgrido Valnodis ARIAS-MEJIA. CS-2 had previously stated that he had a history of working as a drug sub-distributor for ARIAS-MEJIA and would typically receive a large bag containing a variety of pre-packaged drugs, to include several full fingers (referring to ten grams of heroin/fentanyl) and half fingers (referring to five grams), and small baggies (intended for sale to an end-user for $40 apiece) of crack cocaine, powder cocaine, and heroin/fentanyl. During the call, CS-2 requested a resupply of drugs, and ARIAS-MEJIA directed CS-2 to see "Troy." From prior dealings, CS-2 understood Troy to be TROY COTE, who resides at the TARGET

---

[1] CS-2 began cooperating with law enforcement in or about May of 2019 in mitigation of pending charges for drug possession, and later for financial compensation, and has received one payment of $5000. CS-2 has convictions for controlling a premises where drugs are kept and for driving after revocation. CS-2 has an active addiction to opioids. The information provided by CS-2 about Arias-Mejia has always been reliable, in that it is corroborated by independently obtained intelligence and audio/video recorded evidence. Subsequent to CS-2's involvement described herein, CS-2 was discontinued as a source of information due to CS-2's addiction.

RESIDENCE. CS-2 was given $1900 in currency and provided with a device to covertly audio and video record the transaction. Under surveillance by law enforcement, CS-2 went to the TARGET RESIDENCE and met with TROY COTE, who then directed CS-2 to speak to his wife ROSEMARIE COTE, who was also in the residence. ROSEMARIE COTE stated that she would provide CS-2 with all of the drugs she currently had and provided CS-2 with packages that were later confirmed via laboratory testing to contain 2.7 grams of fentanyl in small bags, 34.3 grams of fentanyl in larger packaging, and .143 grams of cocaine. The audio and video recording corroborates CS-2's account of what occurred in the TARGET RESIDENCE.

5. Based on the foregoing events, on November 27, 2019, a grand jury impaneled by this Court returned an indictment charging TROY COTE and ROSEMARIE COTE, among others, with Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. Arrest warrants are pending.

6. On January 6, 2020, a Manchester police detective was conducting surveillance in the area of the intersection of South Main Street and Winter Street, which is the location of the TARGET RESIDENCE. While the detective had some awareness of the existence of this investigation, he was not specifically conducting surveillance in furtherance of this investigation, but rather was in the area due to recent drug arrests and anonymous civilian complaints about drug activity. The detective observed ROSEMARIE COTE exit the TARGET RESIDENCE and depart in a vehicle. ROSEMARIE COTE traveled to 55 South Main Street, where she entered and then exited within a short period of time. Of note, during this investigation, 55 South Main Street was another location where a controlled drug purchase occurred using the same *modus operandi* as the transaction that occurred at the TARGET RESIDENCE. Thus, 55 South Main Street is another address associated with the ARIAS-MEJIA drug trafficking organization. The

detective then conducted a vehicle stop. ROSEMARIE COTE consented to a search of her vehicle, during which detectives found some drug paraphernalia but no bulk narcotics.

7. I therefore believe that TROY COTE and ROSEMARIE COTE reside at the TARGET RESIDENCE and have sold illegal drugs from the residence. I further believe that TROY COTE and ROSEMARIE COTE continue to be involved in illegal drug activity. I know, based on my training and experience, that people who distribute illegal drugs often store evidence, fruits, and instrumentalities of their drug distribution activities in their residences. This is particularly so when, as in this case, the distribution is conducted directly from the residence. I therefore believe that the TARGET RESIDENCE is likely to contain evidence which relates to the purchasing, receipt, possession, transportation, shipment, and distribution of controlled substances as well as information relating to the identity of co-conspirators, sources of drug supply, and drug customers. The above-described evidence is often retained in paper form to include books, records, receipts, notes, and ledgers, as well as in electronic form to include cellular phones, computers, tablets and memory thereof.

8. I also know that individuals who traffic drugs often maintain at their residences unsold or undistributed supplies of controlled substances and other drugs and drug paraphernalia including chemical diluents, weighing scales, packaging material, and other items utilized in the distribution of controlled substances. I also know that drug trafficking is done for profit and that individuals who traffic drugs often accumulate assets, to include paper currency and monetary instruments.

9. Based on the above information, I request a warrant to search the TARGET RESIDENCE for the persons and items described in Attachment B.

/s/ Derek Feather
TASK FORCE OFFICER DEREK FEATHER
FEDERAL BUREAU OF INVESTIGATION

Subscribed and sworn to before me on this 27th day of January, 2020.

_____
HON. ANDREA K. JOHNSTONE
United States Magistrate Judge

## ATTACHMENT A

(Description of Property to be Searched)

159 South Main Street, Apartment 2R, Manchester, New Hampshire – a residential unit located on the second floor and accessible via an interior stairway through a door on the north side of the building or through an exterior door at the rear elevated deck of the building. The property to be searched includes all locked and unlocked containers within the residence.



## **ATTACHMENT B**

(Particular Things to Be Seized)

- Books, records, receipts, notes, and ledgers relating to the ordering, receipt, possession, transportation, purchasing, shipment, delivery and distribution of controlled substances

- Papers and records relating to names, addresses, and telephone numbers relating to co-conspirators, sources of drug supply, and drug customers

- Indicia of occupancy, residency, and ownership or use of the subject premises, including, but not limited to, utility and telephone bills, cancelled envelopes, rental, purchase or lease agreements, identification documents and keys

- Electronic devices to include but not limited to cellular telephones, computers, tablets, and the memory thereof

- Controlled substances and drug paraphernalia, including chemical diluents, weighing scales, and items utilized in the packaging of controlled substances

- U.S. currency, or any and all monetary instruments, or other items of value used in, or intended for use in, or derived from trafficking in controlled substances

All of which constitute fruits, evidence and/or instrumentalities of violations of Title 21, United States Code, Sections 841 and 846.

In addition, the persons to be arrested are TROY COTE and ROSEMARIE COTE.